# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ESAU TUBERVILLE, JR., :
:
    Plaintiff, :
:
v. : Civil Action No.
: 5:10-cv-163 (HL)
YKK (USA), Inc., et al., :
:
    Defendants. :
_____ :

## ORDER

Before the Court is Plaintiff Esau Tuberville, Jr.'s ("Tuberville") amended complaint. For the following reasons, the amended complaint is dismissed because it fails to state a claim.

## I.  BACKGROUND

Tuberville filed his original complaint in this Court on April 22, 2010 (Doc. 1). His complaint alleged violations of 42 U.S.C. § 1985, Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*[1] Because Tuberville requested to proceed in forma pauperis ("IFP"), the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2). Having found that his complaint did not state a claim, the Court allowed Tuberville to amend his complaint

---

[1] Title VII prohibits, among other things, for an employer to discriminate against an employee on the basis of race. 42 U.S.C. § 2000e-2. The ADEA prohibits employment discrimination based on age. 29 U.S.C. § 623(a)(1).

On June 18, 2010, Tuberville filed an amended complaint, which the Court must screen again under § 1915. In his amended complaint, Tuberville states "[t]his action is brought pursuant to [a] violation of 42 U.S.C. § 1985(2)." He asserts he was terminated by the Defendant YKK (USA) Inc., ("YKK") for "complying with a federal investigation and assisting state and local authorities with areas of non compliance." (Amended Compl. ¶ 20).

Attached to his amended complaint is a Notice of Right to Sue letter from the Equal Opportunity Employment Comission ("EEOC") mailed to Tuberville on May 28, 2010 and a Charge of Discrimination dated May 28, 2010. The Charge of Discrimination lacks a notary's signature.

## II.  § 1915 SCREENING STANDARD

The decision to dismiss a complaint for failure to state a claim under § 1915(e)(2) is the same as is employed when ruling on a Rule 12(b)(6) motion to dismiss. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). A complaint is subject to dismissal if it does not contain enough factual allegations to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in original). It must be kept in mind that a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S.89, 94, 127 S.Ct. 2197, 2200, 167

L.Ed.2d 1081 (2007).

## III. ANALYSIS

### A.     § 1985(2)

There are six clauses in § 1985(2) that create causes of action.  Carter v. Church, 791 F. Supp. 298, 300 (M.D. Ga. 1992).  The first four clauses "describe conspiracies that are designed to obstruct the court of justice in the federal judicial system."  Brandt v. Smith, 634 F.2d 796, 800-01 (5th Cir. Jan. 19,1981).[2]  The clauses proscribe conspiracies that directly affect or seek to affect parties, witnesses, or jurors.  42 U.S.C. § 1985(2).  The statute's language expressly limits the statute's application to interference with proceedings in "any court of the United States".  42 U.S.C. § 1985(2); see Dooley v. Reiss, 736 F.2d 1392,1396 (9th Cir. 1984) (finding allegations that the defendants conspired to commit perjury and to conceal evidence did not state a claim under §1985(2) because the actions did not affect jurors, witnesses, or parties in a federal case).

Tuberville has not alleged any facts or made any allegations that demonstrate federal court proceedings had commenced against YKK prior to his termination.  The complaint states that Tuberville was told by employees of YKK not to meet with Environmental Protection Agency ("EPA") workers.  (Compl. ¶ 1).  However, an EPA investigation does not equal a federal court proceeding.  There is nothing in the

---

[2] Cases decided by the Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.  Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

3

complaint showing that Tuberville was a juror, witness, or party in a federal case. Thus, even if wrongful, YKK's decision to terminate Tuberville for complying with a federal investigation does not fall within the prohibited conduct of the first four clauses of § 1985(2).

As for the fifth clause of § 1985(2), it applies to conspiracies having the purpose of "impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws ..." 42 U.S.C. § 1985(2). To state a claim under this clause, the plaintiff must "plead a private conspiracy with a racial or otherwise class-based invidiously discriminatory motivation." Lyon v. Ashurst, 2009 WL 3725364, at * 2 (11th Cir. Nov. 9, 2009) (citing Mason v. Village of El Portal, 240 F.3d 1337, 1340 (11th Cir. 2001)).

Tuberville's complaint contains no allegation of or facts showing class-based animus. The basis of his complaint is that "the decision to terminate [Tuberville] was made by Defendant . . . for the purpose of retaliating against [Tuberville] for his cooperation and testimony with both Federal, State, and Local Authorities . . . ." Tuberville's whistleblower status is not a protected class.[3]  Childree v. UAP/GA

---

[3] He does allege that he was the only African American environmental manager at YKK, that he was hired under false pretenses, and that the plant manager made racial epithets against Tuberville when Tuberville investigated a possible threat at YKK. (Compl. 13, 17, 18). His claim that he was hired under false pretenses and that his manager made racial epithets are conclusory and not supported by facts. Moreover, they are unrelated to his claim that he was terminated for complying with federal, state, and local investigations.

4

Chem, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996) ("We decline to apply § 1985(3) to protect whistleblowers as a class.").

The last clause of § 1985(2) supports a cause of action against private conspiracies which seek to injure a person "for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. 1985(2). The "equal protection" language "requires an allegation of class-based animus." Chavis v. Clayton County School District, 300 F.3d 1288, 1291 (11th Cir. 2002). Again, Tuberville's complaint contains no allegation of or facts showing class-based animus.

Therefore, Tuberville's complaint, to the extent it alleges a violation of § 1985(2) must be dismissed for failure to state a claim.

### B. TITLE VII AND ADEA

Although Tuberville's original complaint asserted Title VII and ADEA claims, his amended complaint does not reference Title VII or the ADEA. Accordingly, the Court considers these claims waived. See Kay v. United Healthgroup, Inc., 376 F.3d 1092, 1107 (11th Cir. 2004) (considering a claim waived when the plaintiff drops a claim through an amended complaint).

Nevertheless, even if the Court were not to consider these claims waived Tuberville's amended complaint contains only vague assertions of race discrimination and fails to make any showing of age discrimination. As a result, the Title VII and ADEA claims must be dismissed for failure to state a claim.

## III. CONCLUSION

Tuberville's complaint fails to state § 1985, Title VII, and ADEA claims. Accordingly, the complaint is dismissed. The clerk's office is directed to enter judgment dismissing this case.

**SO ORDERED**, this the 29th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc